SUCESORES DE ABARCA & CO., S. EN C., DEMANDANTE, *v.* CENTRAL VANNINA, DEMANDADA Y APELADA, Y GARCÍA, PETICIONARIO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en procedimiento sobre administración judicial.

No. 1391.—Resuelto en marzo 9, 1916.

ADMINISTRACIÓN JUDICIAL—ACREEDORES—SÍNDICOS—RESOLUCIONES APELABLES—APELACIÓN—TASACIÓN DE CAÑAS.—Con arreglo al número 1º. del artículo 295

del Código de Enjuiciamiento Civil tal como quedó enmendado por ley de marzo 11, 1908, es apelable para ante el Tribunal Supremo una resolución dictada en procedimiento sobre administración judicial en que se deciden los derechos de un acreedor y de los síndicos sobre el valor de ciertas cañas entregadas por el primero a los segundos, por estar comprendida dentro de la definición que de la sentencia da el artículo 188 del mismo código.

APELACIÓN—NOTIFICACIÓN DE SENTENCIA—ARCHIVO DE LA NOTIFICACIÓN.—Cuando una resolución es apelable, el término para establecer el recurso empieza a correr desde la fecha del archivo de la notificación con los autos por el secretario, según la sección 2ª. de la ley No. 70 de 9 de marzo de 1911.

ADMINISTRACIÓN JUDICIAL—RECLAMACIONES INCIDENTALES DE COLONOS—TASACIÓN DE CAÑAS—JURISDICCIÓN—IMPEDIMENTO O ESTOPPEL.—Cuando una corte tiene jurisdicción para conocer del procedimiento sobre administración judicial y de la reclamación incidental de un colono, la tiene también para decidir acerca de los derechos de las partes sobre el valor de ciertas cañas, por mas que en el ejercicio de esa jurisdicción pudiera proceder con arreglo a o contra derecho, y si las partes aceptan el procedimiento, están, en apelación, impedidas (*estopped*) de impugnarlo.

ID.—ESTIPULACIÓN EN CUANTO A TASACIÓN DE CAÑAS—CONTRATO ANTERIOR SOBRE LA TASACIÓN—PERITO.—Cuando en procedimiento de administración judicial tanto los síndicos como los colonos por medio de estipulación concertada entre ellos, se someten a la resolución de la corte en cuanto a la tasación de ciertas cañas, no puede decirse que un convenio anterior acerca de que la tasación sería hecha por peritos, fuera violado.

ID.—REBAJA EN TASACIÓN DE CAÑAS—DISCRECIÓN JUDICIAL—ABUSO DE DISCRECIÓN—DEBER DEL APELANTE.—Cuando falta base para poder apreciar si la corte inferior abusó manifiestamente de su discreción al hacer rebaja en la tasación de ciertas cañas en una administración judicial, existe a su favor la presunción de que no procedió arbitraria sino correctamente, dentro del ejercicio de una sana discreción, y a la parte apelante incumbe demostrar lo contrario, trayendo al récord los elementos necesarios para colocar a la corte de apelación en la misma situación en que para decidir el caso se encontró la inferior.

Los hechos están expresados en la opinión.

Abogados de la demandada y apelada: *Sres. Alvarez Nava y Domínguez.*

Abogado del peticionario apelante: *Sr. Rafael López Landrón.*

Los demandantes no comparecieron.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En los autos sobre administración judicial de la Central Vannina seguidos ante la Corte de Distrito de San Juan, Sección 1ª., fué ordenada la posesión a los síndicos de las planta-

ciones de cañas del colono de dicha central, Rafael García Soriano, y con tal motivo surgieron diferencias entre el García Soriano y los síndicos, las que fueron zanjadas por estipulación de 31 de julio de 1914, mediante la cual los síndicos y García Soriano convinieron, con el consentimiento de la corte, en que García entregaría inmediatamente la posesión de las plantaciones de su pertenencia, las que serían tasadas por peritos que nombrarían ambas partes dentro del improrrogable plazo de tres días, entendiéndose a falta de acuerdo de los dos peritos, que éstos propondrían dos, cada uno el suyo, quedando elegido entre esos dos nombres como tercero en discordia, el designado por la suerte, el cual verificaría la tasación, la que una vez llevada a cabo, sería definitiva, con reserva a García Soriano del derecho de reclamar contra la "Vannina" o la administracion judicial en su caso, cualquier perjuicio y daño a que se creyera con derecho con motivo de ciertas reclamaciones que pretendía establecer contra aquella corporación, reservándose también la administración judicial defenderse de esas reclamaciones por la vía procedente.

No habiéndose puesto de acuerdo los tasadores de las plantaciones de cañas de García, que lo eran Mariano Hernández y Pedro Romanacce, fueron nombrados, de una parte, José María Calderón, y de la otra, Francisco Bird, de los cuales quedó designado por la suerte el segundo, habiendo éste practicado en 4 de agosto siguiente la tasación de las cañas de Rafael García por un valor total de $15,186.

En 13 de agosto citado solicitó de la corte Rafael García Soriano, ordenara que los síndicos de la Central Vannina le abonaran a su cuenta la suma de $15,186 en que habían sido justipreciadas las cañas de su pertenencia, entregadas ya a la administración de la Central Vannina, y en su consecuencia la satisficieran, dentro de tercero día, el balance a su favor de $1,026.81, sin perjuicio de los reclamos que no fueran objeto de transacción, por daños y perjuicios originados con la suspensión de los suplementos de refacción.

Esa misma pretensión fué reproducida en julio 3 de 1915 por García Soriano ante el *Master in chancery,* y habiéndose opuesto los síndicos a que fuera considerada por haber sido ya resuelta por la corte en resolución de 1.º de diciembre de 1914, García Soriano protestó de nulidad dicha resolución, no sólo por no haber sido notificado de ella, sino también porque estaba en contradicción con el acuerdo de transacción habido entre las partes en 31 de julio de 1914, cuyo acuerdo tenía autoridad de cosa juzgada y debía por tanto ser cumplido y ejecutado.

La resolución de 1.º de diciembre de 1914 dice así:

"POR CUANTO de acuerdo con la orden de esta corte de fecha 3 de julio de 1914 Don Rafael García Soriano, mayor de edad, agricultor y vecino de Santurce, por conducto de su abogado, presentó una tasación de las plantaciones de la 'Colonia Rafael García' practicada por Pedro Romanacce en agosto 3 de 1914, cuya tasación obra unida al expediente en el presente caso.

"POR CUANTO los síndicos de la corporación demandada, por conducto de sus abogados oportunamente comparecieron ante este tribunal a objetar dicha tasación y las pretensiones del Sr. García Soriano.

"POR CUANTO con posterioridad tanto los síndicos de la central 'Vannina' *como Don Rafael García Soriano, personalmente y por conducto de sus respectivos abogados, acordaron someterse a la resolución de esta corte. en cuanto a la referida tasación.*

"POR CUANTO este tribunal ha fijado la suma de 9,000 dollars (nueve mil dollars) como el valor de las referidas plantaciones.

"POR TANTO por la presente se autoriza a los Síndicos de la Central 'Vannina' para que abonen a la cuenta del Sr. García Soriano la suma de 9,000 dollars (nueve mil dollars) a que asciende la tasación de las plantaciones de dicho Sr. García Soriano.

"Dada en despacho hoy día 1 de diciembre de 1914.    (Firmado) Félix Córdova Dávila, Juez de Distrito.    Sección primera.    Certifico: C. Marrero, Secretario."

Contra la resolución que dejamos transcrita de 1.º de diciembre de 1914, interpuso la representación de García Soriano en 9 de julio de 1915 recurso de apelación para ante esta

Corte Suprema expresando que el día 3 de julio citado había sido notificado o tenido noticia de ella.

Las cuestiones legales traídas a debate en el presente recurso son las siguientes:

1ª. Si es apelable la resolución de 1º. de diciembre de 1914.

2ª. Si se ha interpuesto en tiempo hábil el recurso de apelación.

3ª. Si dicha resolución adolece de nulidad por falta de jurisdicción en la corte que la dictó.

4ª. Si viola la ley del contrato, o sea, de la estipulación concertada en 31 de julio de 1914 entre la parte apelante, Rafael García Soriano, y la parte apelada, los síndicos de la Central Vannina.

5ª. Si en el supuesto de que las partes hubieran acordado someterse a la resolución de la corte en cuanto a la tasación de las cañas de Rafael García Soriano, la corte abusó de su discreción rebajando a una de las partes en provecho de la otra la suma de $6,186 que es la diferencia existente entre la tasación de las cañas fijada por el perito en discordia, ascendente a $15,186, y la de $9,000 que fijó la corte en su resolución.

Examinemos esas cuestiones por el mismo orden en que han sido expuestas.

*Primera cuestión.*—Según el número 1º. del artículo 295 del Código de Enjuiciamiento Civil, tal como quedó enmendado por ley de 11 de marzo de 1908, "podrá establecerse apelación para ante el Tribunal Supremo, de una sentencia definitiva pronunciada en un pleito o procedimiento especial comenzado en la corte que la hubiere dictado, dentro de un mes después de haberse registrado la sentencia;" y según el artículo 188 del mismo código "una sentencia es la decisión definitiva sobre los derechos de las partes en un pleito o procedimiento."

La resolución de 1º. de diciembre de 1914 está comprendida en la definición que de la sentencia da el artículo 188, pues por

aquélla decidió la corte los derechos de Rafael García Soriano y de la Central Vannina en el procedimiento especial que una y otra parte aceptaron para dirimir sus diferencias sobre el valor de las plantaciones de cañas entregadas por García Soriano a la "Vannina". Dicha resolución es por tanto apelable con arreglo al número 1°. del artículo 295.

*Segunda cuestión.*—Siendo, como es, apelable la resolución de que se trata ha debido ésta ser notificada a Rafael García Soriano, por el secretario de la corte, empezando a correr el término para establecer el recurso de apelación desde la fecha del archivo de la notificación con los autos, según la sección 2ª. de la ley No. 70 aprobada en 9 de marzo de 1911, que dice así:

"Sección 2.—En todos los casos en que se pueda establecer el recurso de apelación, según lo previsto en la sección 295 del Código de Enjuiciamiento Civil, según fué enmendada en marzo 11 de 1908, será deber del secretario de la corte, enviar a la parte perjudicada, o a su abogado, al dictarse la sentencia, de la cual pueda establecerse el recurso de apelación, una notificación escrita informándole que la sentencia ha sido dictada o de la resolución de la corte, y una copia de esa notificación será archivada con los autos, y el término para establecer el recurso de apelación, empezará a correr desde la fecha del archivo de dicha notificación con los autos."

No habiéndose notificado a García Soriano la resolución de 1°. de diciembre de 1914 según aquél afirma, sin que lo contradiga la parte recurrida, el término para interponer el recurso de apelación ha debido y debe contarse desde la fecha en que García Soriano dice haber tenido conocimiento de dicha resolución, o sea, desde 3 de julio de 1915; y habiéndose interpuesto el recurso en 9 de julio citado, fué interpuesto en tiempo hábil, o sea, dentro del término prevenido por la ley.

*Tercera cuestión.*—No hay duda de que la corte tenía jurisdicción para dictar la resolución recurrida pues la tenía para conocer de los autos sobre administración de la Central

Vannina y de la reclamación incidental del colono García Soriano, por más que en el ejercicio de esa jurisdicción pudiera proceder con arreglo a o contra derecho. García Soriano aceptó el procedimiento seguido y hoy está impedido *(estopped)* de impugnarlo.

*Cuarta cuestión.*—No se nos ha demostrado que la corte inferior violara la estipulación concertada entre las partes en 31 de julio de 1914, pues posteriormente a esa estipulación, según se expresa en la resolución apelada, tanto los síndicos de la Central Vannina como Rafael García Soriano personalmente y por conducto de sus respectivos abogados, acordaron someterse a la resolución de la corte en cuanto a la tasación de las cañas; y siendo ello así, mientras no se demuestre lo contrario, la ley del contrato fué alterada por la misma voluntad de las partes interesadas y no puede decirse que esa ley fuera violada.

*Quinta cuestión.*—Nos falta base para poder apreciar si la corte abusó manifiestamente de su discreción al hacer una rebaja de $6,186 en la tasación de las cañas. Existe a su favor la presunción de que no procedió arbitraria sino correctamente, dentro del ejercicio de una sana discreción, y a la parte apelante incumbía demostrar lo contrario, trayendo al récord los elementos necesarios para colocar a esta corte en la misma situación en que para decidir el caso se encontró la corte inferior.

Por las razones expuestas es de confirmarse la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Asociado Sr. del Toro no intervino en la resolución de este caso.