Ruiz Demandante y Apelante, v. Juez Municipal de Aguadilla et al., Demandados y Apelados, Pardo, Interventora y Apelada.

No. 3091.—*Visto:* Diciembre 4, 1923.  *Resuelto:* Mayo 23, 1924.

Traslado—Sumisión—Renuncia de Domicilio—Lugar del Juicio—*Quaere.*—Si una mera promesa de pago en el domicilio del tenedor de la obligación constituye una renuncia implícita del derecho del deudor a ser demandado en la corte de su domicilio.

Sentencia; Presunción de Ser Correcta—Errores—Obligación del Apelante. —Se presume que la sentencia apelada es correcta y el apelante siempre tiene la obligación de establecer la existencia de cualquier error que se alegue ha sido cometido. No incumbe al apelado ni a la corte de apelación disipar toda duda que pueda existir respecto a la corrección de la conclusión a que ha llegado la corte inferior en ausencia de alguna demostración adecuada en sentido contrario.

Sentencia de *Tomás Bryan,* J. (Aguadilla), denegando el auto de *certiorari. Confirmada.*

*A. y S. García Ducós,* abogados del apelante; *T. Torres Pérez,* abogado de los demandados-apelados; *Sres. García Méndez & García Méndez,* abogados de la interventora-apelada.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Juana Pardo estableció demanda en la Corte Municipal de Aguadilla contra Manuel Ruiz Bellido en cobro de la suma de $166, saldo debido de dos pagarés montantes a $125 cada uno, pagaderos a Juana Pardo, o·a su orden, ''en el domicilio del tenedor de esta obligación.''

El demandado, residente del municipio de Añasco, solicitó el traslado del caso por motivo de residencia, a lo que se opuso el demandante fundado en la teoría de la sumisión del demandado a la jurisdicción de la corte en que el caso fué iniciado, por virtud de la cláusula arriba citada contenida en cada uno de los pagarés.

La corte municipal denegó la moción y más tarde negó también una moción de reconsideración.

El demandado entonces solicitó en la Corte de Distrito de Aguadilla un auto de *certiorari,* el cual fué librado pero anulado después. Y el peticionario, apelante en este caso, sin hacer un señalamiento de errores por separado, sugiere a intervalos en el curso de su alegato que:

''Primer error. — Erró la corte inferior al estimar que en este caso no interviene materia alguna de procedimiento.

''Segundo error. — Lo cometió la corte inferior al estimar que, de anularse la resolución negativa del traslado, revisaría cuestiones de hecho y entraría improcedentemente en la consideración de los méritos del pleito originario.

''Tercer error.—Lo cometió la corte inferior al declarar que no es errónea la resolución que motivó este *certiorari.*''

La mayor parte del razonamiento trata especialmente de las proposiciones envueltas en los señalamientos primero y segundo, cuya corrección puede admitirse para los fines de esta opinión.

Sobre la cuestión principal el apelante se conforma con decir que:

''Es imposible sostener que no es erróneo estimar como una renuncia de domicilio y como una sumisión al de la demandante, el

hecho de que el supuesto deudor haya prometido, según aparece del texto de dichos documentos, que pagaría en el domicilio del tenedor de las obligaciones.

"Y no es discrecional dar a un documento una interpretación arbitraria en extremo, como sucede en este caso.

"Además, la opositora al traslado no alegó que Ruiz Bellido hubiera hecho renuncia ni sumisión alguna de competencia sino 'que el deudor se sometió a la jurisdicción de la Corte Municipal·de Aguadilla' (segunda línea, pág. 13 trans. evidencia), cosa que, no podía hacer dicho deudor y que, si lo hubiese hecho, hubiera sido absolutamente nulo: siendo error craso de dicho tribunal municipal el sancionar tal cuestión de derecho y mayor error aun el de la corte apelada al ratificar tal sanción."

Puede ser que tanto la corte municipal como la de distrito incurrieran en error al interpretar la cláusula contenida en los dos pagarés, pero esa proposición no es por sí evidente, ni el mero hecho, si lo fuere, de que el demandante hizo una mala elección de palabras al formular su protesta contra el pretendido traslado de la causa, es motivo suficiente de revocación.

La regla general está en favor del derecho·del·demandado a que se le demande en el sitio donde vive. Nos inclinamos al parecer de que una renuncia de este derecho, cuando para probar esto se descansa en un contrato del cual surge litigio, debe ser, si no en términos expresos, entonces necesariamente, o por lo menos claramente, implícita. Ni estamos dispuestos a discutir ahora con el apelante sobre la proposición de que una mera promesa de pago en el domicilio del acreedor o tenedor de un documento negociable no cumple con estos requisitos.

Pero se presume que la sentencia apelada es correcta y el apelante siempre tiene la obligación de establecer la existencia de cualquier error que se alegue ha sido cometido. No incumbe al apelado ni a esta corte disipar toda duda que pueda existir respecto a la corrección de la conclusión a que ha llegado la corte inferior en ausencia de alguna demostración adecuada en sentido contrario.

Además, en el presente caso, como ha sugerido el apelado, una de las cuestiones levantadas en la corte de distrito fué que el peticionario tenía un remedio adecuado en apelación contra la resolución negando la moción de traslado. Sin embargo, si el apelante hubiera seguido este camino, asumiendo en pro del argumento que lo tenía expedito, entonces el presente caso hubiera ocupado su debido sitio entre ese número pequeño de casos en los cuales no procede una segunda apelación a esta corte.

Pero fuere o no pertinente esta sugerencia del apelado a cualquier cuestión que esté ahora ante esta corte, y aparte del valor intrínseco de la proposición envuelta, no estamos dispuestos en un caso de *certiorari* que envuelve una suma menor de $200 y que por dos veces ha sido resuelto adversamente para el apelante por las cortes inferiores, a tratar ahora de resolver finalmente, sin la debida ayuda del apelante, una importante cuestión de procedimiento y algo dudosa que afecta a los derechos de todos los futuros litigantes que se encuentren en semejantes condiciones.

*Debe confirmarse la sentencia apelada.*