SANTOS BUXÓ, JR., peticionario, *v.* CORTE DE DISTRITO DE HU- MACAO, HON. R. ARJONA SIACA, JUEZ, demandada.

Núm. 68.—*Sometido*: Marzo 15, 1937 *Resuelto*: Abril 20, 1937.

*González Fagundo & González Jr.*, abogados del peticionario; *Miguel A. Burset*, abogado de los Sres Sellés y Villafañe.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Santos Buxó, hijo, alega que el juez recurrido le ha anulado su derecho a ejecutar una sentencia dictada a su favor por la Corte de Distrito de Humacao el día 13 de marzo de 1934, y solicita de este tribunal la expedición de un auto inhibitorio que impida al recurrido todo procedimiento en ese sentido. Se expidió un auto alternativo, y a la vista del recurso comparecieron por sus abogados, además del recurrente, Emigdio Osvaldo Sellés Roldán y Pedro Villafañe Cuevas, como partes interesadas, quienes han radicado una

moción para que se anule y deje sin efecto el auto alternativo expedido.

Alega el recurrente que el día 13 de marzo de 1934 obtuvo a su favor una sentencia contra Emigdio Osvaldo Sellés Roldán, Pedro Villafañe Cuevas y su esposa María Collazo, dictada por la Corte de Distrito de Humacao en el pleito núm. 17,415 sobre cobro de dinero; que los demandados en aquel pleito apelaron de la sentencia y solicitaron además nuevo juicio, que les fué concedido por resolución de 29 de junio de 1934, resolución que fué posteriormente revocada por este Tribunal Supremo (véanse: *Buxó, Jr.* v. *Sellés,* 48 D.P.R. 827 y 49 D.P.R. 219); que en 26 de junio de 1936 esta corte desestimó, a petición de él, la apelación establecida contra la sentencia de 13 de marzo de 1934 (véase *Buxó, Jr.* v. *Sellés* 50 D.P.R. 230); que, firme por tanto, la sentencia dictada en el caso núm. 17,415, la Corte de Distrito de Humacao, en el pleito núm. 17,056, sobre extinción de obligaciones y cancelación de hipoteca, seguido por Emigdio Osvaldo Sellés Roldán y Pedro Villafañe Cuevas contra Santos Buxó, "variando el título del caso y llamando al demandado Santos Buxó, hijo," dictó a petición de los demandantes una orden ex parte sobre aseguramiento de sentencia, que dice, en lo que es necesario transcribir, así:

"Vista la moción de los demandantes, Emigdio Osvaldo Sellés Roldán y Pedro Villafañe Cuevas, solicitando aseguramiento de la efectividad de la sentencia que pretenden obtener contra Santos Buxó, Jr., ...; *examinadas la demanda original y complementaria...* se decreta el aseguramiento de la efectividad de la sentencia que es objeto de la petición de los demandantes .... exigiéndose como requisito para la ejecutabilidad del decreto .... una fianza en metálico a favor de dicho demandado .... por una cuantía de $900.

"Como medida de aseguramiento se prohibe al demandado Santos Buxó, Jr., ..... instar en forma alguna la ejecución de la sentencia dictada por esta Corte de Distrito de Humacao, el día 13 de marzo de 1934, en el caso civil núm. 17,415, sobre cobro de esos cánones de arrendamiento, decretándose la suspensión de todo procedimiento de ejecución de ella, apercibido el demandado Santos

Buxó, Jr., de ser procesado por desacato y de las demás responsabilidades civiles en caso de desobediencia.'' (Bastardillas nuestras);

que los demandantes en el pleito núm. 17,056 acompañaron con la moción solicitando el aseguramiento de la sentencia que pudiera recaer, una demanda complementaria contra Santos Buxó, hijo, ''que no ha sido admitida por la corte inferior''; que el juez recurrido carecía de jurisdicción para decretar el aseguramiento de sentencia que se le solicitó, porque Santos Buxó, Jr., no es parte en el pleito núm. 17,056, y porque este pleito se encuentra pendiente de resolución ante esta Corte Suprema, para ante la cual apeló el demandado Santos Buxó, de un incidente del mismo que le fué adverso.; que la orden de aseguramiento tiende a anular el derecho legal que tiene a ejecutar la sentencia de 13 de marzo de 1934, y que no puede apelar de ella por no ser parte en el pleito en que fué dictada.

En su escrito de oposición a la solicitud, que no viene, como aquélla, jurado, alegan Emigdio Osvaldo Sellés Roldán y Pedro Villafañe Cuevas, que procede anular y dejar sin efecto el auto expedido:

''1. Porque siendo el auto inhibitorio un recurso extraordinario de naturaleza preventiva y no remedial, no puede ser utilizado como pretende el peticionario a manera de recurso de revisión, auto de error, *certiorari* o apelación.

''2. Porque el auto inhibitorio no puede ser utilizado nada más que para prevenir o impedir a un tribunal inferior en la comisión de actos o hechos en exceso de su jurisdicción, o para evitar e impedir actuaciones de la corte inferor que tiendan a anular un derecho legal de una parte, y nunca procede su expedición para deshacer o revocar actuaciones ya realizadas y terminadas.

''3. Porque el auto inhibitorio es improcedente por ser tardío y haber el peticionario incurrido en *laches*.

''4. Porque el peticionario o recurrente no ha demostrado en su petición que la actuación del tribunal recurrido le ocasiona daños y perjuicios extraordinarios, y por tanto no es procedente su expedición.

''5. Porque el auto inhibitorio siendo un recurso extraordinario no procede cuando el recurrente en su petición no demuestra que

carece de un remedio adecuado y eficaz en el curso ordinario de la ley, y porque el peticionario tiene en el curso ordinario de la ley un remedio adecuado y eficaz de que valerse.''

La cuestión a determinar es si Santos Buxó, hijo, ha demostrado satisfactoriamente no ser uno de los demandados en el pleito núm. 17,056, seguido por Osvaldo Sellés Roldán y Pedro Villafañe Cuevas, ante la Corte de Distrito de Humacao. Porque si no ha hecho esa demostración, entonces la presente solicitud debe declararse sin lugar y anularse el auto alternativo expedido.

 En el párrafo sexto de la solicitud sostiene el recurrente que con la ''moción de aseguramiento de sentencia fué radicada una demanda complementaria contra Santos Buxó, Jr., que no ha sido admitida por la corte y entonces la Corte de Distrito de Humacao, ex parte, sin oír al demandado en el caso núm. 17,056, Santos Buxó, ni oír a Santos Buxó, Jr., demandante en el caso 17,415, y quien tenía una sentencia a su favor, dictó una orden que copiada literalmente dice así.'' Aquí transcribe íntegramente la orden de aseguramiento dictada por la corte, cuyas disposiciones esenciales a la solución de este recurso, hemos copiado anteriormente, apareciendo de sus términos que el juez recurrido, consideró y pesó el alcance de la demanda complementaria, y hasta la dió por admitida, antes de dictar la orden de aseguramiento, pues como hemos visto, dice en ella ''examinadas la demanda original y complementaria . . . se decreta el aseguramiento de la efectividad de la sentencia'' etc. La solicitud del recurrente aparece, pues, controvertida a sí misma, en un hecho de vital importancia al éxito de su recurso. Debemos presumir, según el inciso 18 del artículo 464 del Código de Enjuiciamiento Civil (Ley de Evidencia) que al solicitar Emigdio Osvaldo Sellés Roldán y Pedro Villafañe Cuevas permiso para presentar una demanda complementaria, en el pleito núm. 17,056, a tenor de lo dispuesto en el artículo 134 del Código de Enjuiciamiento Civil, el juez recurrido resolvió

la cuestión. Así aparece que lo hizo, de acuerdo con la orden de aseguramiento de sentencia que dictó. Las alegaciones en contrario, que hace el recurrente en su solicitud, no son suficientes a destruir el efecto de esa presunción. No aparece de los autos que el juez negara el permiso solicitado para presentar la demanda complementaria contra Santos Buxó, hijo. Apareciendo de la orden de aseguramiento de sentencia que el juez consideró y dió por admitida la demanda complementaria, debemos llegar a la conclusión de que Santos Buxó, hijo, no ha acreditado satisfactoriamente ante este tribunal que no es uno de los demandados en el pleito núm. 17,056 antes citado. Aunque no de estricta aplicación al caso de autos, consúltense: *Díaz Molinari* v. *Cividanes,* 37 D.P.R. 297; *Ruiz* v. *Juez Municipal,* 33 D.P.R. 175; *Sucrs. de Abarca* v. *Central Vanina,* 23 D.P.R. 566; *Gaddis* v. *Grant,* 39 Cal. App. 437; *Segerstrom* v. *Scott,* 16 Cal. App. 256; *Burnham* v. *Abrahamson,* 21 Cal. App. 248; *Erving* v. *Napa Valley Brewing Co.,* 18 Cal. App. 135; *Livermore* v. *Webb,* 56 Cal. 489; *Canadian, etc. Co.* v. *Clarita, etc. Co.,* 140 Cal. 672; *Riverside County* v. *Stockman,* 124 Cal. 222.

El artículo 3 de la Ley para Asegurar la Efectividad de Sentencias dispone, entre otras cosas, que "ningún aseguramiento de sentencia podrá decretarse sin la presentación de la correspondiente demanda y de la solicitud de aseguramiento." La demanda complementaria se radicó en el caso núm. 17,056, e iba dirigida contra Santos Buxó, hijo. El recurrente no ha demostrado, como hemos visto, que el juez recurrido negara el permiso para radicarla. Luego entonces cabía ordenar la suspensión de la ejecución de la sentencia que obtuvo Santos Buxó, hijo, en el pleito núm. 17,415, en vista de lo resuelto por esta corte en *Coffinet et al* v. *Polanco,* 30 D.P.R. 826:

"El otro aspecto de la cuestión que presentan los demandantes es que si el demandado ejecuta su sentencia por $9,923.00 sin esperar a la resolución del pleito principal en que se solicita este *injunction,* dichos demandantes quedarían sin remedio para compensar su recla-

mación, que es mayor, con la de $9,923.00 del demandado. Creemos, sin embargo, que no es el *injunction* el remedio adecuado en este caso. El remedio adecuado han podido encontrarlo los demandantes en la ley sobre aseguramiento de sentencias, aprobada en marzo 1, 1902. La sección 2 de dicha ley establece las reglas a que se ha de ajustar el aseguramiento. Algunas de esas reglas surten el mismo efecto que una orden de *injunction* y llenan la misma finalidad, y además de especificarse en sus disposiciones los casos a que son aplicables, se establece por la regla (*h*) una regla general que cubre los casos que no estuvieren previstos por las reglas anteriores y en donde la corte inferior tiene un poder discrecional y equitativo para adoptar las medidas procedentes para asegurar la efectividad de una sentencia, caso de prosperar la acción que se ejercita.''

No aparece, pues, como sostiene el recurrente, que se le haya anulado derecho legal alguno, como tampoco aparece comprobado que el juez recurrido actuara sin jurisdicción para dictar la orden de aseguramiento de sentencia en el pleito núm. 17,056, por estar el presente caso ante esta Corte Suprema en grado de apelación, ya que la Corte de Distrito de Humacao no perdió su jurisdicción para acordar el aseguramiento, de acuerdo con el caso de *Gandía* v. *Porto Rico Fertilizer Co.,* 30 D.P.R. 262.

*Por las razones expuestas, y sin considerar las aducidas por Emigdio Osvaldo Sellés Roldán y Pedro Villafañe Cuevas, debe declararse sin lugar la solicitud presentada y anularse el auto alternativo expedido el 23 de febrero de 1937.*