CC-1999-924                                                    1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Jorge Vargas Cobián y otros<br>    Peticionarios<br><br>v.<br><br>Jorge González Rodríguez y otros<br>    Recurridos<br><br>Héctor Vargas Rivera y otros | Certiorari<br><br>99 TSPR 186 |

Número del Caso: CC-1999-0924

Fecha: 27/12/1999

Tribunal de Circuito de Apelaciones: Circuito Regional VI

Panel Integrado por: Hon. Rafael Martínez Torres
                       Hon. López Vilanova
                       Hon. Salas Soler

Abogados de Jorge Vargas Cobián y Héctor Vargas Rivera:
                              Lcdo. Rafael Soto Vega
                              Lcdo. Geraldo L. Santiago
            Pérez

Abogado de Jorge González Rodríguez: Lcdo. Carlos Rodríguez
Rivera

Materia: Sentencia Declaratoria

Este documento constituye un documento oficial del
Tribunal Supremo que está sujeto a los cambios y
correciones del proceso de compilación y publicación
oficial de las decisiones del Tribunal. Su
distribución electrónica se hace como un servicio
público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Jorge Vargas Cobián
y Otros
    Demandante y Peticionarios

    v.

                                CC-1999-924      Certiorari

Jorge González Rodríguez
y Otros
    Recurridos

Héctor Vargas Rivera
y Otros


PER CURIAM
(Regla 50)


San Juan, Puerto Rico, a 27 de diciembre de 1999.


El Sr. Jorge Vargas Cobián, nos solicita que revisemos una Resolución interlocutoria del Tribunal de Circuito de Apelaciones que dejó sin efecto dos órdenes expedidas por el Tribunal de Primera Instancia. La primera autorizó la devolución a Vargas Cobián de $50,000, dados en fianza para la expedición de un embargo de unos fondos del demandado, Sr. Jorge González Rodríguez, que ya no están en esta jurisdicción. La segunda ordenó al Registrador procesar e inscribir una anotación de embargo contra unas fincas de González Rodríguez para asegurar la sentencia recaída a favor de Vargas Cobián.

Examinada la petición de Certiorari, y a tenor con la Regla 50 del Reglamento de este Tribunal, revocamos la Resolución, en cuanto a los errores recurridos, sin procedimientos ulteriores.

I

El peticionario, Vargas Cobián, presentó ante el Tribunal de Primera Instancia una demanda de sentencia declaratoria solicitando se reconociese la validez de un contrato de representación como corredor de bienes raíces suscrito con los demandados, Jorge González Rodríguez y otros, y que se ordenase el pago de las comisiones, daños y honorarios. Simultáneamente solicitó que González Rodríguez consignara la cantidad reclamada ($512,000.00) en la Secretaría del tribunal.

Posteriormente Vargas Cobián solicitó una congelación, por la cantidad adeudada, $512,000.00, de los fondos de González Rodríguez depositados en una cuenta en el Banco Popular. El tribunal concedió lo solicitado pero exigió a Vargas Cobián que prestase una fianza de $50,000.00.

En la celebración de la vista de embargo González Rodríguez solicitó al tribunal que dejara sin efecto la congelación de los fondos en el Banco Popular de Puerto Rico, con el único propósito de transferirlos a una cuenta de inversiones en Smith Barney. El tribunal accedió a la solicitud de González Rodríguez, con la condición de que dichos fondos debían estar disponibles para satisfacer la sentencia que en su día pudiese recaer. Según surge de la minuta de la vista, el tribunal instruyó específicamente a González Rodríguez que debía mantenerlo informado en todo momento de cualquier cambio en el paradero de los fondos. Surge también de la minuta que González Rodríguez entendió las condiciones del tribunal y afirmó que el dinero estaría en la cuenta de Smith Barney. Se dejó vigente la fianza de $50,000.00 impuesta al señor Vargas Cobián.

Sin embargo, al emitir la orden descongelando los fondos del Banco Popular, y autorizando su traslado a Smith Barney, el Tribunal de Primera Instancia no ordenó la congelación de los fondos en Smith

Barney. Inmediatamente González Rodríguez transfirió los fondos de la cuenta de Smith Barney fuera de esta jurisdicción, al Bank of Saipán.

Vargas Cobián solicitó entonces al tribunal la devolución de los $50,000.00 de la fianza que le fue requerida como condición para expedir el embargo de los fondos de González Rodríguez, ahora depositados en el Bank of Saipán. Solicitó, además, que González Rodríguez regresara a esta jurisdicción los fondos congelados, y que se le declarara incurso en desacato.

El tribunal de instancia determinó que González Rodríguez había incumplido el acuerdo al que se había llegado en la vista, y que había transferido los fondos ilegalmente. Sin embargo, por considerar que carecía de jurisdicción sobre los fondos, ahora en Saipán, no ordenó su traslado a P.R. Además concluyó que conservaba jurisdicción sobre la persona de González Rodríguez, y le ordenó que certificara el balance de los fondos en Saipán, y que mantuviese en forma líquida una cantidad suficiente para satisfacer cualquier sentencia adversa que en su día pudiese recaer en su contra.

Celebrada una vista, las partes estipularon que González Rodríguez regresaría los fondos a P.R., y que los consignaría en el tribunal, en o antes del 21 de mayo de 1999. González Rodríguez incumplió con lo estipulado. En vista posterior, el abogado de González Rodríguez informó al tribunal que no había tenido comunicación con su cliente, excepto una carta del 26 de mayo de 1999, en la cual González Rodríguez afirmaba que no había estipulado regresar los fondos a P.R. El tribunal encontró a González Rodríguez incurso en desacato civil, lo declaró prófugo y se ordenó su arresto.

González Rodríguez presentó certiorari ante el Tribunal de Circuito de Apelaciones impugnando la imposición del desacato. El tribunal apelativo confirmó. González Rodríguez pidió reconsideración, la cual fue declarada no ha lugar.

En julio de 1999, el tribunal de instancia resolvió en los méritos a favor de Vargas Cobián. Vargas Cobián pidió anotación de embargo en

ciertas fincas, sitas en P.R., propiedad de González Rodríguez, para asegurar el pago de la sentencia. Pidió se le eximiese de pago de fianza por haberse solicitado el embargo pos sentencia. El tribunal de instancia expidió la orden de embargo solicitada.

Inconforme, González Rodríguez acudió en apelación al Tribunal de Circuito de Apelaciones. Presentó además dos mociones: (1) para dejar sin efecto la orden de instancia que autorizó la devolución a Vargas Cobián de los $50,000.00 dados en fianza por el embargo de los fondos ahora en Saipán; y (2) para que se ordenase al Registrador no procesar la anotación de embargo en el Registro.

El Tribunal de Circuito de Apelaciones declaró con lugar ambas mociones. Concluyó, respecto a la devolución de la fianza, que la orden se había emitido cuando ya el tribunal de instancia carecía de jurisdicción para hacerlo. Respecto a la anotación de embargo concluyó que la misma no procedía ya que al apelarse la sentencia la misma no había advenido final y firme. Vargas Cobián acudió en certiorari ante nos para revisar esta resolución.

II

La Regla 56.1 de Procedimiento Civil, 32 L.P.R.A. Ap.III R. 56.1, dispone que **en todo pleito, antes o después de la sentencia**, el tribunal podrá conceder cualquier orden provisional que sea necesaria para asegurar la efectividad de una sentencia. El propósito de la anotación de embargo es el proteger la efectividad de los dictamenes judiciales y el de mantener el *status quo* existente al momento de iniciarse el pleito.

Tanto nuestra jurisprudencia, como la doctrina, reconocen que se puede solicitar el aseguramiento de una sentencia aunque el dictamen que se pretende asegurar haya sido apelado o se haya presentado recurso de certiorari. José A. Cuevas Segarra, Práctica Procesal Puertorriqueña: Procedimiento Civil, 337, 345 (1989); Quilinchini v. Villa, 112 D.P.R. 322 (1982); Autoridad Sobre Hogares v. Sagastivelza, 72 D.P.R. 235, 240 (1951).

Nuestro ordenamiento provee, a través de la Regla 56.3 de Procedimiento Civil, que de gestionarse el remedio después de la sentencia, no se requerirá la prestación de fianza. Dicha excepción descansa en la presunción de corrección de que gozan las sentencias en nuestra jurisdicción.

La anotación de embargo puede obtenerse sin prestar fianza, aun en aquellos casos en que la sentencia esté en apelación. Sin embargo, de revocarse la sentencia, el embargante podría responder en daños. Quilinchini v. Villa, *supra;* Blatt v. Core, 110 D.P.R. 142 (1982).

Diferente norma aplica respecto a la ejecución del embargo, la cual sólo procede cuando la sentencia es final y firme, por lo cual presentado el escrito de apelación o certiorari, procede suspender la ejecución. Regla 53.9 de Procedimiento Civil. 32 L.P.R.A. Ap. VIII R. 53.9.

En el caso de autos el tribunal de instancia expidió una orden de anotación de embargo. González Rodríguez, en su escrito de apelación ante el Tribunal de Circuito de Apelaciones, hizo referencia a una ejecución de un mandamiento de embargo, induciendo de este modo al tribunal apelativo a error. Por tratarse de una anotación de embargo, la misma procede aunque la sentencia no sea final y firme.

Procede la revocación de la Resolución del Tribunal de Circuito de Apelaciones en cuanto a que ordenó al Registrador abstenerse de procesar e inscribir la anotación de embargo. Se ordena al Registrador de la Propiedad de la Sección de Guayama, que anote el mandamiento de embargo expedido por el Tribunal de Primera Instancia.

III

Por otro lado, el Tribunal de Circuito de Apelaciones también dejó sin efecto una orden expedida por el Tribunal de Primera Instancia autorizando la devolución a Vargas Cobián de los $50,000.00 dados en fianza para la expedición de un embargo de unos fondos de González Rodríguez que ya no están en esta jurisdicción. Consideró el tribunal apelativo que dicha orden fue expedida cuando ya el tribunal de

instancia carecía de jurisdicción, por haberse instado el recurso de apelación.

La Regla 53.1(c) de Procedimiento Civil, 32 L.P.R.A. Ap. III R.53.1(c), dispone que el recurso de apelación deberá presentarse dentro del término jurisdiccional de treinta (30) días, contados desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado. Por otro lado, la Regla 53.1(b), 32 L.P.R.A. Ap.III R.53.1(b), dispone que el recurso se formalizará presentando el escrito de apelación en la secretaría de la sede del Tribunal de Primera Instancia que dictó la sentencia apelada, o en la secretaría del Tribunal de Circuito de Apelaciones.

De igual manera, la Regla 14(a) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII R. 14(a), provee que la apelación se formalizará presentando el original del escrito de apelación y cuatro (4) copias en la Secretaría del Tribunal de Circuito de Apelaciones, o presentando el original en la Secretaría del Tribunal de Primera Instancia que dictó la sentencia apelada.

Respecto al efecto de la presentación del escrito de apelación la Regla 53.9, 32 L.P.R.A. Ap. III R. 53.9, dispone que "[u]na vez presentado el escrito de apelación se suspenderán todos los procedimientos en los tribunales inferiores respecto a la sentencia o parte de la misma de la cual se apela, o las cuestiones comprendidas en ella, salvo orden en contrario, expedida por iniciativa propia o a solicitud de parte por el tribunal de apelación; **pero el Tribunal de Primera Instancia podrá proseguir el pleito en cuanto a cualquier cuestión envuelta en el mismo no comprendida en la apelación;** disponiéndose, que no se suspenderán los procedimientos en el Tribunal de Primera Instancia cuando la sentencia dispusiere la venta de bienes susceptibles de pérdida o deterioro, en cuyo caso el Tribunal de Primera Instancia podrá ordenar que dichos bienes sean vendidos y su importe depositado hasta tanto el tribunal de apelación dicte sentencia."

Por su parte el Art. 4.001 de la Ley de la Judicatura de 1994, según enmendada, 4 L.P.R.A. Sec. 22k, dispone que la presentación de un escrito de apelación ante el Tribunal de Circuito de Apelaciones en casos civiles suspenderá los procedimientos ante el Tribunal de Primera Instancia, salvo una orden en contrario expedida motu proprio o a solicitud de parte por el Tribunal de Circuito de Apelaciones, y según se dispone en las Reglas de Procedimiento Civil. **Cualquier cuestión no comprendida en la apelación podrá continuar considerándose en el Tribunal de Primera Instancia.**

La sentencia del tribunal de instancia a favor de Vargas Cobián fue notificada el 12 de julio de 1999. La orden autorizando la devolución de los $50,000.00 prestados como fianza por Vargas Cobián fue expedida por el tribunal de instancia el 13 de agosto de 1999.

El recurso de apelación fue radicado ante el Tribunal de Primera Instancia el 12 de agosto de 1999 y ante el tribunal de Circuito de Apelaciones el 16 de agosto de 1999. A la fecha de la orden, 13 de agosto de 1999, el tribunal de instancia carecía de jurisdicción respecto a aquellos asuntos de los cuales se recurre en la apelación.

Sin embargo, un examen del escrito de apelación radicado ante el Tribunal de Circuito de Apelaciones, demuestra que entre los errores señalados en apelación no se encuentra la orden que autorizó la devolución de la fianza a Vargas Cobián. Es de aplicación pues, la última oración del Art. 4.001 de la Ley de la Judicatura, así como la sección de la Regla 53.9 de Procedimiento Civil, que permite al tribunal de instancia continuar con aquellos trámites no comprendidos en la apelación. Esta decisión es cónsona con los propósitos de la fianza exigida, la cual fue depositada para garantizar el embargo de unos fondos de González Rodríguez, los cuales según la determinación del tribunal de instancia, confirmada por el tribunal apelativo, fueron movidos ilegalmente de esta jurisdicción.

Procede la revocación de la Resolución del Tribunal de Circuito de Apelaciones en cuanto dejó sin efecto la orden del tribunal de

instancia autorizando la devolución de la fianza de $50,000.00 dada por Vargas Cobián.

Se ordena a la Unidad de Cuentas de la Secretaría del Tribunal de Primera Instancia, Sala de Guayama, que expida un cheque a favor de Jorge Vargas Cobián por la totalidad del dinero depositado en fianza, así como cualquier otra cantidad por concepto de interés que éstos hayan devengado.

A la luz de lo expuesto anteriormente, se expide el auto solicitado y se dicta la Sentencia correspondiente.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Jorge Vargas Cobián
y Otros
  Demandante y Peticionarios

     v.                              CC-1999-924    Certiorari

Jorge González Rodríguez
y Otros
  Recurridos

Héctor Vargas Rivera
y Otros


SENTENCIA

San Juan, Puerto Rico, a 23 de diciembre de 1999.


Por los fundamentos antes expuestos en la Opinión Per Curiam del Tribunal, los cuales se hacen formar parte de esta Sentencia, se expide el auto y se revoca la Resolución del Tribunal de Circuito de Apelaciones en cuanto dejó sin efecto la orden del Tribunal de Primera Instancia autorizando la devolución de la fianza de $50,000.00 consignada por el señor Jorge Vargas Cobián. Se ordena a la Unidad de Cuentas de la Secretaría del Tribunal de Primera Instancia, Sala de Guayama, que expida un cheque a favor de Jorge Vargas Cobián, por la totalidad del dinero depositado en fianza, así como los intereses que éste haya devengado.

Además se revoca la Resolución del Tribunal de Circuito de Apelaciones que ordenó al Registrador de la Propiedad de la Sección de Guayama abstenerse de procesar e inscribir la anotación de embargo autorizada por el Tribunal de Primera Instancia. El Registrador de la Propiedad deberá anotar el mandamiento de embargo expedido por el Tribunal de Primera Instancia.


Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo