ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **BANCO POPULAR DE PUERTO RICO**<br><br>Recurridos<br><br>v.<br><br>**JESÚS M. LLANOS GARCÍA, CARMEN REYES RIVERA Y** la sociedad lega de gananciales compuesta con ambos<br><br>Peticionarios | KLCE202301428 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Carolina**<br><br>Civil Núm.:<br>**F CD2010-0617**<br><br>Sobre:<br>Ejecución de Hipoteca |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 24 de enero de 2024.

La señora Carmen Reyes Rivera (peticionaria) comparece ante este Tribunal de Apelaciones y solicita que revisemos la *Orden* emitida y notificada por el Tribunal de Primera Instancia (TPI), Sala Superior de Carolina, el 15 de noviembre de 2023. Mediante la misma, el foro *a quo* declaró *no ha lugar* la *Moción en Solicitud de Órdenes* incoada por la peticionaria.

Por los fundamentos que expondremos a continuación, se deniega el auto de *certiorari* solicitado.[1] Veamos.

I.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el recurso de *certiorari*. *Caribbean Orthopedics v. Medshape, et al.,*

---

[1] El 26 de diciembre de 2023, la Oficina de Administración de los Tribunales, como parte con interés, incoó su *Oposición a la Expedición del Auto de Certiorari.*

207 DPR 994 (2021); *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019). Las resoluciones u órdenes *postsentencia* no están comprendidas de forma expresa bajo ninguno de los incisos de la mencionada Regla. Por consiguiente, para determinar si procede la expedición de un recurso discrecional de *certiorari* en los que se recurre de determinaciones *postsentencia* es preciso acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, *infra. Banco Popular de Puerto Rico v. Gómez Alayón y otros*, 2023 TSPR 145, resuelto el 19 de diciembre de 2023. Véase, además, *IG Builders et al. v. BBVAPR*, 185 DPR 307, 339 (2012).

El auto de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR__(2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *León v. Rest. El Tropical*, 154 DPR 249 (2001). Su expedición está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

II.

En la presente causa, la peticionaria solicitó al TPI que ordenara a la Oficina de Administración de los Tribunales (OAT) producir copia exacta de cierto memorando interno, entre otras cosas, como parte de los procedimientos *postsentencia* que se llevan a cabo en el caso de referencia. La *Orden* recurrida versa sobre la determinación del Tribunal de denegar el mencionado petitorio y, por consiguiente, dejar inalteradas varias disposiciones previamente dictadas, relacionadas al pago que debe realizar la OAT a la peticionaria, junto a los intereses que se certificó fueron devengados.

Analizado el expediente, colegimos que los argumentos de la peticionaria no nos mueven a intervenir con el dictamen, pues no rebatieron la presunción de corrección que le cobija a la decisión aquí impugnada. Tampoco se nos persuadió a establecer que nuestra falta de intervención representaría un fracaso de la justicia. Véase, *Vargas v. González,* 149 DPR 859, 866 (1999); *Torres Rosario v. Alcaide,* 133 DPR 707, 721 (1993); *Pueblo v. Prieto Maysonet,* 103 DPR 102, 107 (1974). La decisión tomada por el foro primario resulta razonable y no constituyó un abuso de discreción.

En vista de lo anterior, entendemos que no incidió el foro de instancia al emitir el pronunciamiento impugnado. Por consiguiente, denegamos expedir el auto de *certiorari* solicitado.

III.

Ante las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra,* y la Regla 40 del Reglamento del Tribunal de Apelaciones, denegamos expedir el auto de *certiorari* solicitado por la peticionaria.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones