ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **MARIBEL CONCEPCIÓN MEDINA**<br><br>Peticionario<br><br>v.<br><br>**LUIS RAMOS**<br><br>Recurrido | KLCE202400508 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Municipal de **Carolina**<br><br>Civil Núm.: SMVL2842024-00608<br><br>Sobre: Ley Núm. 284-1999, Ley Contra el Acecho de Puerto Rico, según enmendada por la Ley Núm. 44-2016 |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de mayo de 2024.

Mediante *Recurso de Certiorari Civil*, acompañado de una *Solicitud y Declaración para que se Exima de Pago el Arancel por Razón de Indigencia*, comparece ante este Foro, por derecho propio, la señora Maribel Concepción Medina (señora Concepción Medina o peticionaria).[1] Solicita que revisemos la *Resolución de Archivo* emitida el 7 de mayo de 2024, por el Tribunal de Primera Instancia, Sala Municipal Virtual. En esta, el TPI determinó que no procedía la solicitud de orden de protección al amparo de la Ley Núm. 284 de 21 de agosto de 1999, según enmendada conocida como *Ley contra el Acecho en Puerto Rico*, 33 LPRA sec. 4013 *et seq.* (Ley Núm. 284-1999), presentada por la señora Concepción Medina.

Por los fundamentos que expresamos a continuación, se deniega la expedición del auto de *certiorari* solicitado.

---

[1] Se declara *ha lugar* dicha petición.

**I.**

Según surge del expediente, la señora Concepción Medina instó una Petición al amparo de la Ley Núm. 284-1999 contra el señor Luis Ramos (recurrido), compañero de trabajo. Examinada bajo juramento la señora Concepción Medina por el foro *a quo*, este determinó que no surgían motivos suficientes para expedir la orden de protección solicitada, bajo en fundamento de que no se configuraban elementos constitutivos de acecho. El Tribunal ordenó el archivo de la causa de acción, no sin antes orientar a la señora Concepción Medina sobre el agotamiento de los remedios administrativos con su patrono.

En desacuerdo, la señora Concepción Medina acude ante este Foro mediante el recurso que nos ocupa.

El 15 de mayo de 2024, emitimos *Resolución*, mediante la cual ordenamos a la señora Concepción Medina acreditar, en o antes del mediodía del viernes, 17 de mayo de 2024, el cumplimiento de la Regla 33(b) de nuestro Reglamento, 4 LPRA Ap. XXII-B R. 33(b). Ello, en cuanto a la notificación del recurso al recurrido. Transcurrido el término concedido sin que la señora Concepción Medina cumpliera con lo ordenado, procedemos a resolver.

Conforme la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, eximimos al recurrido de la presentación de su alegato en oposición.[2]

**II.**

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR

---

[2] Este Tribunal puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, ello "con el propósito de lograr su más justo y eficiente despacho...".  4 LPRA Ap. XXII-B R. 7.

65, resuelto el 8 de mayo de 2023; *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *León v. Rest. El Tropical*, 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021); *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019).[3]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

---

[3] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra.*

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

**III.**

En su escueto escrito, la peticionaria no incluyó señalamiento de error alguno. Solo se limita a expresar que desde hace un (1) año el aquí recurrido mantiene un patrón de acecho en su contra, específicamente en su lugar de empleo. Describe que el recurrido especula sobre su apariencia personal (peso, cabello, uñas), medio de transporte y situaciones de índole judicial previas. Añade que constantemente su compañero ha llevado quejas viciosas, mal intencionadas y difamatorias a sus supervisores y a la División de Recursos Humanos en las cuales incluye alegaciones personalistas que en nada se relacionan con el trabajo. Puntualiza que agotó todos los recursos de la agencia donde labora, pero que, por convenio

colectivo, no puede querellarse contra el recurrido en la Unión de Trabajadores. Por ende, solicita que se le conceda una orden de protección al amparo de la Ley Núm. 284-1999. Tras evaluar a la señora Concepción Medina bajo juramento, el TPI determinó que en la presente causa no se configuraban elementos constitutivos de acecho.

Analizado el expediente a la luz de las circunstancias específicas de este caso, determinamos no intervenir con la actuación del TPI.

Cabe señalar que, tras examinar el recurso ante nuestra consideración, nos percatamos que este no se perfeccionó adecuadamente. Particularmente, la peticionaria incumplió con las disposiciones de la Regla 34(B), 34(C)(1)(d)(e)(f) y 34(E) de nuestro Reglamento.[4] Este adolece de una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso. Tampoco contiene señalamientos de los errores que entiende cometió el TPI, con referencia a los hechos y al derecho que respaldan sus planteamientos. Lo anterior nos lleva a concluir que el recurso bajo nuestra consideración no contiene una explicación concreta, específica y detallada del porqué, según la peticionaria, el TPI erró en su decisión.

Estamos conscientes de la importancia de proveer un acceso fácil, económico y efectivo a este Tribunal a los ciudadanos, incluso a aquellos que acuden por derecho propio y en *forma pauperis*, que presentan reclamos válidos.[5] No obstante, hemos de consignar que las omisiones del recurso bajo nuestra consideración nos impiden tener un marco claro de los acontecimientos ante el foro de instancia, las posturas de las partes y la razón de decidir del

---

[4] 4 LPRA Ap. XXII-B, R. 34(B), 34(C)(1)(d)(e)(f) y 34(E).
[5] Artículo 4.004 de la Ley de la Judicatura de 2003, Ley Núm. 201 de 22 de agosto de 2003, 4 LPRA sec. 24w.

magistrado. La peticionaria falló en colocarnos en posición de atender su disconformidad con la determinación del foro primario en cuanto al archivo de su Petición.

En suma, no encontramos justo motivo para alterar, como pretende la peticionaria, la determinación que hizo el TPI en el ejercicio de su sana discreción. Esta no presenta indicios de prejuicio, parcialidad o error craso o manifiesto.

**IV.**

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari*. Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones