ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| TRAEMESTO LLC Y OTROS<br><br>Apelada<br><br><br>v.<br><br><br><br>ÁNGEL VELÁZQUEZ h/n/c E.M.S. AUTO REPAIR Y OTROS<br><br>Apelantes | KLAN202500398 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Civil Núm.: MZ2022CV00717<br><br>Sala: 307<br><br>Sobre: Incumplimiento de Contrato; Cobro de Dinero; Daños y Perjuicios |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Salgado Schwarz y el Juez Monge Gómez.

Salgado Schwarz, Carlos G., Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico a 27 de agosto de 2025.

Comparece ante nos Ángel Velázquez h/n/c E.M.S. Auto Repair Electrónica Mecánica Servicios, Corp. (en adelante, "apelante") para solicitar la revocación de una *Sentencia*[1] emitida y notificada el 19 de marzo de 2025 por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (en adelante "TPI"). Mediante dicha Sentencia, el foro primario declaró *HA LUGAR* la demanda presentada por TRAEMESTO, LLC y Julio César Ayala Barceló (en adelante "apelados") y *NO HA LUGAR* la reconvención presentada por el apelante. Como resultado, se ordenó al apelante a pagar a los apelados la suma de $22,364.71 dólares por concepto de gastos incurridos en la reparación del vehículo sujeto de la demanda, $4,000

---

[1] Véase Apéndice del recurso apelativo, págs. 2-21.

Número Identificador:
SEN2025_____

dólares por concepto de honorarios de abogado, más costas y gastos.

Por los fundamentos que exponemos a continuación, **confirmamos** la Sentencia apelada.

-I-

En lo pertinente a la controversia que nos ocupa, el 18 de mayo de 2022 los apelados presentaron una *Demanda*[2] por incumplimiento de contrato, cobro de dinero y daños y perjuicios en contra del apelante. En resumen, alegaron que el apelante era el encargado y responsable de realizarle trabajos de mantenimiento y reparación a los vehículos del apelado. Alegan que, como parte de la relación contractual, los apelados le llevaron al apelante una guagua marca Freightliner para reparación y mantenimiento relacionado a un "liqueo" de aceite y que, a consecuencia de un trabajo negligente y/o culposo, el vehículo se encuentra inusable. Por esto, los apelados incurrieron en gastos para la compra y labor de un motor nuevo, sumados a la cantidad de $19,140.86.

El 28 de julio de 2022, los apelados presentaron una *Demanda Enmendada*[3] para incluir como demandado a Electrónica Mecánica Servicios, Corp., una corporación registrada en el Departamento de Estado dedicada a dar servicios de mecánica, cuyo presidente es el apelante.

Luego de varios tramites procesales, se celebró el juicio en su fondo los días 8, 9 y 19 de agosto de 2024. A raíz de ello, el TPI emitió una *Sentencia*[4] el 19 de marzo de 2025. En ella el TPI determinó que los daños al

---

[2] Véase Entrada #1 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[3] Véase Entrada #11 de SUMAC.
[4] Véase Apéndice del recurso apelativo, págs. 2-21.

motor del vehículo fueron causados por la culpa y negligencia contractual del apelante y ordenó a este a pagar a los apelados la suma de $22,364.71 dólares por concepto de gastos incurridos en la reparación del vehículo, $4,000.00 por concepto de honorarios de abogado, más costas y gastos.

Inconforme, el 2 de mayo de 2025, el apelante acudió antes nos mediante el *Recurso de Apelación*[5] e hizo los siguientes señalamientos de error:

> **PRIMERO:** ERRÓ EL HONORABLE TPI AL SOSTENER EN SUS CONCLUSIONES DE HECHO QUE EL SEÑOR ÁNGEL VELÁZQUEZ HAYA DECLARADO QUE SU CORPORACIÓN ESTABA DISUELTA DESDE EL AÑO 2013.

> **SEGUNDO:** ERRÓ EL HONORABLE TPI AL NEGARSE A TOMAR CONOCIMIENTO JUDICIAL DE LA COPIA CERTIFICADA DEL EXPEDIENTE CORPORATIVO EN EL DEPARTAMENTO DE ESTA DO DE LA CORPORACIÓN CODEMANDADA ELECTRÓNICA MECÁNICA SERVICIOS, CORP., TAL COMO SE LE SOLICITÓ EN LA MOCIÓN DE RECONSIDERACIÓN.

> **TERCERO:** ERRÓ EL HONORABLE TPI AL RESPONSABILIZAR PERSONALMENTE AL SEÑOR ÁNGEL VELÁZQUEZ EN LA SENTENCIA DICTADA, NO TOMANDO EN CUENTA EL PRINCIPIO DE RESPONSABILIDAD LIMITADA.

Con la comparecencia de las partes y habiendo dado la debida consideración a los *Alegatos* de todas las partes, procedemos a resolver.

-II-

**A. Ley de Corporaciones**

En nuestro ordenamiento jurídico, las corporaciones tienen personalidad jurídica y patrimonio propio, por

---

[5] Véase KLAN202500398.

cual la responsabilidad de sus accionistas está generalmente limitada al capital que han aportado.[6]

No obstante, como excepción, el patrimonio individual de los accionistas está sujeto a responder por las obligaciones de la corporación cuando esta es meramente un *alter ego* cuyo fin es promover el fraude, la injusticia, evadir alguna obligación estatutaria o derrotar la política pública.[7] De modo, que una corporación se considera un *alter ego* de sus accionistas, cuando entre estos existe tal interés y propiedad que sus personalidades se confunden; de modo que la corporación no tiene realmente una personalidad jurídica independiente de la de sus accionistas.[8]

Bajo este marco doctrinal, quien alegue que no existe una separación adecuada entre el patrimonio del accionista y el de la corporación, tiene que identificar en la demanda los actos y conductas específicas de los accionistas que establezcan que la corporación es un mero artificio para la comisión de actos fraudulentos.[9] En otras palabras, tiene que disponer detalladamente en todas las aseveraciones, las circunstancias que constituyen fraude o error.[10]

### B. Determinaciones de Hechos

Por su parte, el derecho establece que, la discreción judicial permea la evaluación de la evidencia presentada en los casos y controversias.[11] Por ello, las

---

[6] *DACO v. Alturas de Fl. Dev. Corp. y otro*, 132 DPR 905, 924-925 (1993); *Santaella v. Srio. de Hacienda*, 96 DPR 442, 451 (1968).
[7] *DACO v. Alturas de Fl. Dev. Corp. y otro, supra,* pág. 925; *Srio. DACO v. Comunidad San José, Inc.*, 130 DPR 782, 798 (1992).
[8] *DACO v. Alturas de Fl. Dev. Corp. y otro*, *supra*, pág. 925.
[9] C.E. Díaz Olivo, *Mitos y leyendas acerca de la doctrina de descorrer el velo corporativo*, 73 Rev. Jur. UPR 311, 385 (2004).
[10] Regla 7.2 de Procedimiento Civil, 32 LPRA Ap. V.
[11] *Miranda Cruz y otros v. S.L.G. Ritch*, 176 DPR 951, 974 (2009).

decisiones del foro de instancia están revestidas de una presunción de legalidad y corrección.[12] Como regla general, un tribunal apelativo no debe intervenir con las determinaciones de hechos, ni con la adjudicación de credibilidad que haya efectuado el juzgador de los hechos, ni tiene facultad para sustituir por sus propias apreciaciones, las determinaciones del tribunal de instancia.[13] Esto es, los tribunales apelativos deben mantener deferencia para con la apreciación de la prueba que realiza el foro primario.[14]

La deferencia otorgada al tribunal de instancia está predicada en que fue el juez sentenciador quien tuvo la oportunidad de aquilatar toda la prueba presentada. "El juez sentenciador, ante quien deponen los testigos, es quien tiene la oportunidad de verlos y observar su manera de declarar, de poder apreciar sus gestos, titubeos, contradicciones, manierismos, dudas, vacilaciones y, por consiguiente, de ir formando gradualmente en su conciencia la convicción en cuanto a si dicen la verdad.[15]

Es por lo anterior que este Tribunal de Apelaciones solo podrá intervenir con las determinaciones de hechos, la apreciación de la prueba y las adjudicaciones de credibilidad realizadas por el tribunal de instancia,

---

[12] *S.L.G Rivera Carrasquillo v. AAA*, 177 DPR 345, 356 (2009); *Vargas v. González,* 149 DPR 859, 866 (1999).
[13] *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012); *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007); *Rolón v. Charlie Car Rental, Inc.*, 148 DPR 420, 433 (1999).
[14] *McConnell v. Palau*, 161 DPR 734, 750 (2004).
[15] J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, pubs. JTS, 2000, T. 2, pág. 685." *Argüello v. Argüello*, 155 DPR 62, 78 (2001).

cuando medie perjuicio, pasión, parcialidad o error manifiesto.[16]

### C. Conocimiento Judicial

Por otro lado, en cuanto al conocimiento judicial, La Regla 201 de Evidencia[17], permite a los tribunales, aun en la etapa apelativa, tomar conocimiento judicial de aquellos hechos adjudicativos que no estén sujetos a controversia razonable. No son razonablemente controvertibles si: 1) son de conocimiento general dentro de la jurisdicción territorial del tribunal, o 2) son susceptibles de corroboración inmediata y exacta mediante fuentes cuya exactitud no puede ser razonablemente cuestionada.

Más que un medio de prueba, el conocimiento judicial es un mecanismo que permite establecer como cierto, un hecho en controversia según alegaciones y el derecho sustantivo, sin la necesidad formal de presentar evidencia.[18] Ello, porque el tribunal presume que la cuestión es tan notoria que no será disputada. "[A] mayor generalidad el hecho, mayor probabilidad de que se puede tomar conocimiento judicial; a mayor especificidad más difícil es tomar conocimiento judicial".[19] El promovente tiene el peso de persuadir al tribunal sobre la indisputabilidad de los hechos adjudicativos sobre los que se pretende tomar conocimiento judicial.

---

[16] *Rodríguez v. Syntex*, 160 DPR 364, 396 (2003); *Argüello v. Argüello*, *supra*, a la págs. 78-79.

[17] Reglas de Evidencia de Puerto Rico, 32 LPRA Ap. VI.

[18] *Pérez v. Mun. de Lares,* 155 DPR 697, 704 (2001); *Asoc. de Periodistas v. González,* 127 DPR 704 (1991).

[19] E.L. Chiesa, *Reglas de Evidencia de Puerto Rico 2009, Análisis por el Prof. Ernesto Chiesa,* San Juan, Publicaciones J.T.S., 2009, pág. 104.

El inciso (B) de la mencionada Regla 201 de Evidencia[20], distingue entre el conocimiento judicial de carácter permisible y el conocimiento judicial de carácter mandatorio. En lo pertinente, el conocimiento judicial mandatorio corresponde a cuando las partes solicitan que se tome conocimiento judicial y ponen al tribunal en condiciones de así hacerlo.[21] Esta toma de conocimiento judicial está fundada en la economía procesal, ya que sustituye la presentación de prueba.[22]

Ahora bien, aunque las Reglas de Evidencia permiten la toma de conocimiento judicial por iniciativa propia en cualquier etapa de los procedimientos, también garantizan el derecho de las partes a ser escuchadas en torno a si procede la toma de conocimiento judicial.[23] "En todo caso, el tribunal debe respetar el derecho de las partes a ser oídas en torno a si bajo la regla 201(B) procede la toma de conocimiento judicial."[24] Este inciso de la Regla 201 tiene como propósito garantizar el debido proceso de ley de las partes, de manera que éstas conozcan los hechos que utilizará el foro judicial para arribar a su determinación y tengan, a su vez, la oportunidad de elaborar argumentos a favor o en contra del uso del referido mecanismo evidenciario. La importancia de esta salvaguarda procesal se agudiza aún más cuando se toma conocimiento judicial en etapas apelativas. Al respecto, expresa el profesor Ernesto L. Chiesa:

> En relación con tomar conocimiento judicial en la etapa apelativa, es esencial que el tribunal apelativo salvaguarde el derecho de

---

[20] Reglas de Evidencia de Puerto Rico, *supra*.
[21] *Asoc. de Periodistas v. González, supra*, a la pág. 714.
[22] *Pérez v. Mun. de Lares,* 155 DPR 697, 705 (2001).
[23] 32 LPRA Ap. VI, R. 201(d).
[24] Chiesa, op. cit., pág. 106.

una parte a ser oído en torno a la corrección de tomar conocimiento judicial, ya sea mediante escritos o argumentación oral. De ordinario, un tribunal apelativo no revocará una decisión del tribunal sentenciador a base de tomar conocimiento judicial de un hecho adjudicativo; por lo general se trata de hechos legislativos. Si se trata de verdaderos hechos adjudicativos, es necesario que el tribunal apelativo de [sic] a la parte perjudicada oportunidad de ser oída en cuanto a si procede que se tome conocimiento judicial.[25]

## -III-

Antes de discutir el primer y segundo error, nos parece pertinente analizar el tercer y último error primero. Por su parte, el apelante señaló que, erró el honorable TPI al responsabilizar personalmente al señor Ángel Velázquez en la sentencia dictada, no tomando en cuenta el principio de responsabilidad limitada.

No le asiste la razón.

Como discutimos anteriormente, a pesar de que las corporaciones tienen personalidad jurídica, y que la responsabilidad de sus accionistas está generalmente limitada, existe una importante excepción. Cuando la corporación es meramente un *alter ego* del o los accionistas, el patrimonio individual de este es el que responde por daños causados. Bien discutimos que el mencionado *alter ego* se manifiesta cuando entre el accionista y la corporación se confunden sus intereses y propiedades. Ahora bien, esta excepción no opera automáticamente, sino que, quien alega dicha confusión, tiene el peso de probarlo.

---

[25] Ernesto L. Chiesa, Tratado de Derecho Probatorio, San Juan, Publ. J.T.S., 1998, Tomo II, Sec. 13.3, pág. 1150 (Citas omitidas).

En el caso de autos, el apelante alega que el TPI erró al responsabilizarlo personalmente por los daños causados, cuando, según el apelante, quien debía responder era su corporación. Pero es que los apelados claramente establecen que contrataron directamente con el apelante y no con su corporación. Estos presentaron prueba de que las facturas y hojas de trabajo hacen referencia reiteradamente al apelante y no a la corporación.

El apelante intenta demostrar que, su ya disuelta corporación, es quien debe responder por los daños. Sin embargo, el apelado presentó y entregó facturas y hojas de trabajo con solo su nombre, entiéndase, Sr. Ángel Velázquez h/n/c EMS y no por el nombre de su propia corporación. Incluso, surge del *Alegato en Oposición a Escrito de Apelación*[26] que la corporación del apelante ni siquiera estaba autorizada a ejercer en el local donde se brindó el servicio. Por el contrario, la corporación no contaba con un permiso de uso, sino que el permiso de uso en las facilidades estaba a nombre de otra corporación de venta de piezas de auto[27].

Claramente se desprende de los hechos y de la prueba presentada que el verdaderamente responsable por los daños causados a los apelados es el apelante en su carácter personal, ya que este era quien operaba bajo su propio nombre el negocio y que, no existe una separación adecuada entre el patrimonio del apelante y su corporación.

Por tales motivos, no se cometió el tercer error.

---

[26] Véase KLAN202500398.
[27] Véase Apéndice parte apelada, pág. 2.

Habiéndose determinado que el tercer error no se cometió, resulta innecesario discutir los demás errores, ya que no tienen consecuencia en la resolución del caso.

**-IV-**

Por los fundamentos antes expuestos, **confirmamos** la Sentencia apelada.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones