ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **BRIAN JAMES PFUND; BJP HOLDINGS LLC**<br><br>Recurrido<br><br>v.<br><br>**REALITY REALTY, PSC; CÉSAR A. SANTIAGO RÍO y su esposa de nombre desconocido y la SOCIEDAD LEGAL DE GANANCIALES por ambos compuesta; PROVIDEL SANTIAGO SEGUÍ; JANE Y JOHN DOE; CORPORACIÓN X**<br><br>Peticionario | KLCE202500651 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de **Aguada**<br><br>Civil Núm.: **RN2023CV00072**<br><br>Sobre: Incumplimiento de Contrato; Daños y Perjuicios; Responsabilidad Vicaria; Interferencia Torticera |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y el Juez Sánchez Báez.[1]

Cintrón Cintrón, Jueza Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de agosto de 2025.

Comparece ante este foro revisor, Providel Santiago Seguí por sí y en representación de César A. Santiago Ríos (parte peticionaria) mediante *Solicitud de Certiorari* y nos solicita que revisemos la *Resolución* emitida el 24 de abril de 2025 por el Tribunal de Primera Instancia (TPI), Sala Superior de Rincón. Mediante el referido dictamen, el TPI declaró no ha lugar la *Moción Solicitando Sentencia Sumaria* instada por la parte peticionaria.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto de *certiorari* solicitado.

---

[1] Véase *Orden Administrativa DJ 2024-062C* de 6 de mayo de 2025, sobre enmienda a la orden de designación de Paneles en el Tribunal de Apelaciones.

**I.**

Según surge del expediente, el 13 de diciembre de 2023, Brian James Pfund y BJP Holdings, LLC (en conjunto, parte recurrida) instaron una *Demanda* sobre incumplimiento de contrato, daños y perjuicios, responsabilidad vicaria e interferencia torticera contra Reality Realty, P.S.C. (Reality Realty), César Santiago Ríos (señor Santiago Ríos) y Providel Santiago Seguí (señora Santiago Seguí).

En esta, en síntesis, manifestaron que BJP Holdings, LLC y el señor Santiago Ríos suscribieron un contrato de opción de compra el 3 de junio de 2022, sobre una propiedad ubicada en el municipio de Rincón. Expresaron, entre otras cosas, que, como parte del negocio, se pactó que BJP Holdings, LLC tendría derecho a optar por la compra de la propiedad hasta el 28 de junio de 2022. Alegaron también que, posterior a la firma del contrato, las partes, a través de un empleado de Reality Realty, el Sr. Tom Provost, acordaron extender el término de vencimiento hasta el 6 de julio de 2022. Además, sostuvieron que, luego del 28 de junio de 2022, mantuvieron comunicaciones con el Sr. Tom Provost relacionadas a completar la compraventa de la propiedad hasta que el 6 de julio de 2022 se les indicó que la opción había vencido. Por lo que, arguyeron que el señor Santiago Ríos, por medio de su representante, incumplió con el contrato de opción al venderle la propiedad a un tercero.

El 25 de marzo de 2024, Reality Realty instó su *Contestación a Demanda.* Allí negó que el Sr. Tom Provost fuese su empleado y replicó que este era un corredor de bienes raíces que le prestaba servicios profesionales como contratista independiente. Alegó además que el contrato de opción no fue extendido y que la compraventa no se efectuó por causa de BJP Holdings, LLC, quien, tras haber representado tener los fondos disponibles para pagar el precio en o antes del 28 de junio de 2022, resultó que no los tenía.

En ese sentido, añadió que el contrato de opción quedó sin efecto por sus propios términos desde el 28 de junio de 2022 y, por tal razón, la propiedad fue opcionada por otro comprador.

El 18 de junio de 2024, la señora Santiago Seguí por sí y en representación del señor Santiago Ríos presentó su *Contestación a la Demanda*. Mediante la misma, negó haber incumplido con el contrato de opción; haber acordado extender la fecha de vencimiento de este o; haber solicitado un aumento en el precio a cambio de conceder una prórroga. Además, alegó que la falta de certificación de pintura de plomo no constituía razón alguna para extender el contrato de opción y reiteró que la parte recurrida no ejerció su derecho a opción dentro del plazo convenido.

Luego de varias incidencias procesales, el 28 de enero de 2025, la señora Santiago Seguí por sí y en representación del señor Santiago Ríos instó *Moción Solicitando Sentencia Sumaria*. Allí aseguró que no existía controversia en cuanto a que el señor Santiago Ríos era dueño de una propiedad comercial ubicada en el pueblo de Rincón, la cual fue dada en opción de compra a BJP Holdings, LLC mediante un contrato de opción. Añadió que en dicho contrato se estipuló el precio total de compraventa de $240,000.00, con un depósito de $12,000.00 y se estableció que el plazo para ejercer la opción sería del 3 al 28 de junio de 2022. Asimismo, sostuvo que BJP Holdings, LLC reconoció que no ejerció su derecho a comprar la propiedad dentro del término fijo establecido en el contrato, alegando que negoció con el Sr. Tom Provost una extensión al plazo del contrato hasta el 6 de julio de 2022, cuando en el propio contrato de opción se estipuló que cualquier modificación al mismo se haría bajo el consentimiento de ambas partes y por escrito.

En desacuerdo, el 10 de marzo de 2025, Brian James Pfund y BJP Holdings, LLC instaron *Oposición a Solicitud de Sentencia Sumaria*. En esta, alegaron que emplearon todas las diligencias

posibles para procurar el cierre de la compraventa dentro del plazo convenido, pero la parte peticionaria exigió un precio mayor al pactado y no estuvo disponible en la fecha de vencimiento de la opción para efectuar el negocio jurídico. Aseveraron que, existía controversia en cuanto a la otorgación de la venta, la disponibilidad de la parte peticionaria para concluir el negocio dentro del tiempo pactado y las representaciones de estos.

Así las cosas, el 24 de abril de 2025, el foro *a quo* emitió la *Resolución* que hoy revisamos. Mediante la misma, declaró *No Ha lugar* la solicitud de sentencia sumaria presentada por la señora Santiago Seguí por sí y en representación del señor Santiago Ríos. Además, en su dictamen, el Tribunal dispuso que tras evaluar la oposición a la moción de sentencia sumaria notó que esta incumplía con la Regla 36.3(b) de Procedimiento Civil, *supra*, por lo que, no sería tomada en consideración y formuló las siguientes determinaciones de hechos:

1. Que el codemandado César Armando Santiago Ríos era dueño de una propiedad comercial ubicada en la Carretera 115, kilómetro 11.0 del pueblo de Rincón, Puerto Rico.

2. Que el 27 de mayo de 2022, César Armando Santiago Ríos representado por su hija Providel Santiago Seguí firmó un contrato de opción de compra de una propiedad sita en la Carretera 115, kilómetro 11.0 del pueblo de Rincón, Puerto Rico[,] con Brian James Pfund en representación de BJP Holdings, LLC.

3. En el contrato de opción suscrito se estipuló que el precio total de compraventa [...] era de $240,000.00, de los cuales Brian James Pfund dio un depósito de $12,000.00.

4. Surge del contrato, que, las partes estipularon como plazo conferido al optante para ejercer su derecho de opción hasta el 28 de junio de 2022.

5. Que el mismo día en que se otorgó la opción de compra, 27 de mayo de 2022, las partes otorgaron y firmaron un "addendum" titulado "Option to Purchase Agreement Cash Sale Addendum".

6. En dicho "addendum" la parte demandante acepta y reconoce que el contrato de compra no está sujeto a

financiamiento, por lo que el comprador (demandante) adquirirá la propiedad en efectivo.

7. En adición, en el referido "addendum" la parte demandante (compradora), acepta y reconoce que, si la opción no se ejerce en la fecha convenida, dicha acción se interpretará como un incumplimiento de contrato y por lo tanto la parte compradora (demandante) perderá el depósito como penalidad por el tal incumplimiento.

8. Que en el contrato de opción se acordó y se estipuló que cualquier modificación al contrato de opción, tenía que ser bajo el consentimiento de ambas partes y por escrito.

9. Que la propiedad opcionada era comercial, por lo que la parte codemandada certificó que no tenía conocimiento de que existiera pintura de plomo en la propiedad comercial.

A su vez, determinó que existían controversias de hechos que impedían resolver el pleito por la vía sumaria y consignó los siguientes hechos en controversia:

1. Si la codemandada, Providel Santiago Seguí es la apoderada de su padre, César Santiago Ríos, aquí codemandado, en virtud de la Escritura Número 31 de Poder Duradero, otorgado en San Sebastián[,] Puerto Rico, la cual se encontraba y se encuentra vigente y debidamente registrada en el Tribunal Supremo, Oficina de Inspección de Notarías.

2. Si los codemandados contrataron a Reality Realty, a través de su corredor Tom Provost, licencia número C-22607.

3. Si la parte demandante reconoce y acepta que no ejerció su derecho único y exclusivo a comprar la propiedad en cuestión, dentro del término fijo establecido en el contrato, alegando los demandantes que negociaron con el Realtor, Tom Provost, una extensión al plazo del contrato hasta, el 6 de julio de 2022.

4. Si la parte codemandada, no autorizó ni firmó documento alguno, donde se estipulaba la extensión del contrato, al día 6 de julio de 2022.

5. Si a pesar de que en "addendum" se estableció que si la opción no se ejerce en la fecha convenida, dicha acción se interpretará como un incumplimiento de contrato y por lo tanto la parte compradora (demandante) perderá el depósito como penalidad por el tal incumplimiento, lo cierto es que Reality Realty aceptó que la cantidad de depósito de $12,000.00, fue devuelta a los demandantes una vez finalizado el plazo estipulado mediante el cheque oficial número 19256, emitido el 20 de julio de 2022.

6. Si la propiedad comercial fue opcionada y vendida a un tercero una vez finalizado el término fijo y exclusivo que le fue concedido mediante contrato de opción, a la parte demandante.

7. Si la parte demandante alegó en su demanda que la parte codemandada aquí compareciente, trató de e[s]trangular económicamente al demandante al ofrecer un aumento de $10,000.00 adicional al valor de opción, cuando en lo cierto es que fue el propio demandante que ofreció a los codemandados a través de realtor un aumento de $20,000.00, a cambio de que se le extendiera el contrato un mes adicional.

En desacuerdo, el 6 de mayo de 2025, la señora Santiago Seguí por sí y en representación del señor Santiago Ríos presentó *Moción Solicitando Enmienda a las Determinaciones de Hechos y Derechos; Reconsideración* pero la misma fue concedida por el foro primario a los únicos efectos de establecer el hecho controvertido número uno de la resolución notificada como uno incontrovertido. En cuanto a los demás aspectos, el foro de instancia declaró no ha lugar la moción de reconsideración.

Aun insatisfecho, el 12 de junio de 2025, la parte peticionaria acudió ante este foro revisor señalando los siguientes errores:

Erró el TPI al resolver No Ha Lugar la Moción de Sentencia Sumaria radicada por la parte co-demandada-apelante, al determinar que existe controversia real y sustancial en cuanto a hechos controvertidos esenciales y que, como cuestión de derecho, impide que se dicte sentencia sumaria a favor de la parte promovente.

Erró el TPI al declarar No Ha Lugar la Solicitud de Sentencia Sumaria radicada por la parte co-demandada-apelante, al interpretar la cláusula en cuanto al término de vencimiento de opción de compra, el cual se establece de manera clara y precisa el plazo fijo, que caducaba el 8 de junio de 2022.

El 16 de julio de 2025, Brian James Pfund y BJP Holdings, LLC comparecieron mediante *Alegato de la Parte Recurrida en Oposición a Recurso de Certiorari.*

Con el beneficio de la comparecencia de todas las partes, estamos en posición de resolver.

## II.

### A.

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *León v. Rest. El Tropical*, 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Scotiabank v. ZAF Corp.*, 202 DPR 478 (2019).[2]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

---

[2] El recurso de *certiorari,* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, supra.

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 59-60, 215 DPR __ (2025).

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, evaluar, tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada. Ello, para tomar la determinación si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González*, 149 DPR 859, 866 (1999).

**B.**

La Regla 36 de Procedimiento Civil dispone el mecanismo extraordinario y discrecional de la sentencia sumaria. 32 LPRA, Ap. V, R. 36. El propósito principal de este mecanismo procesal es

propiciar la solución justa, rápida y económica de litigios civiles que no presentan controversias genuinas de hechos materiales, por lo que puede prescindirse del juicio plenario. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc. y otro*, res. el 7 de enero de 2025, 2025 TSPR 1; *Serrano Picón v. Multinational Life Ins*, 212 DPR 981 (2023).[3] Los tribunales pueden dictar sentencia sumaria respecto a una parte de una reclamación o sobre la totalidad de esta. 32 LPRA Ap. V, R. 36.1; *Meléndez González v. M. Cuebas*, 193 DPR 100 (2015). La sentencia sumaria procederá si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, junto a cualquier declaración jurada que se presente, si alguna, demuestran que no hay controversia real y sustancial sobre algún hecho esencial y pertinente y que, como cuestión de derecho, procede hacerlo. *González Meléndez v. Mun. San Juan et al.,* 212 DPR 601 (2023).

El promovente debe presentar una moción fundamentada en declaraciones juradas o en cualquier evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes sobre la totalidad o parte de la reclamación. 32 LPRA Ap. V, R. 36.1; *Universal Ins. y otro v. ELA y otros,* 211 DPR 455 (2023). La controversia sobre los hechos esenciales que genera el litigio tiene que ser real, no especulativa o abstracta. Es decir, tiene que ser de naturaleza tal que permita concluir que existe una controversia real y sustancial sobre hechos relevantes y pertinentes. *Ramos Pérez v. Univisión*, supra, págs. 213-214, seguido en *Meléndez González v. M. Cuebas*, supra, pág. 110.

Nuestro ordenamiento civil y su jurisprudencia interpretativa dispone que se deben cumplir unos requisitos de forma los cuales

---

[3] Véase, además: *Oriental Bank v. Caballero García*, 212 DPR 671 (2023); *Ferrer et. al. v. PRTC*, 209 DPR 574, 580-581 (2022); *González Santiago v. Baxter Healthcare*, 202 DPR 281, 290 (2019); *Ramos Pérez v. Univisión*, 178 DPR 200, 213-214 (2010).

deben satisfacerse al momento de presentar una solicitud de sentencia sumaria. Estos requisitos son: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria, (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del Tribunal; (5) las razones por las cuales se debe dictar sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. 32 LPRA Ap. V, R. 36.3; *Pérez Vargas v. Office Depot*, 203 DPR 687 (2019).

Por su parte, le corresponde a la parte promovida refutar dicha moción a través de declaraciones juradas u otra documentación que apoye su posición. Esto es, la parte que se opone debe proveer evidencia sustancial de los hechos materiales que están en disputa. *León Torres v. Rivera Lebrón*, 204 DPR 20 (2020). El hecho de no oponerse a la solicitud de sentencia sumaria no implica necesariamente que ésta proceda si existe una controversia legítima sobre un hecho material. Sin embargo, el demandante no puede descansar en las aseveraciones generales de su demanda, "sino que, a tenor con la Regla 36.5, estará obligada a 'demostrar que [tiene] prueba para sustanciar sus alegaciones'". La Regla 36.5 de Procedimiento Civil, dispone que de no producirse por parte del opositor una exposición de hechos materiales bajo juramento, deberá dictarse sentencia sumaria en su contra. 32 LPRA Ap. V, R. 36.5; *Ramos Pérez v. Univisión*, supra, págs. 215-216.

La Regla 36.4 de Procedimiento Civil, establece que, si no se dicta sentencia sobre la totalidad del pleito, ni se concede todo el remedio solicitado o se deniega la moción de sentencia sumaria, y por tanto, es necesario celebrar juicio, será obligatorio que el Tribunal en su dictamen determine los hechos esenciales sobre los cuales no haya controversia sustancial y aquellos que sí se encuentran genuinamente en controversia. 32 LPRA Ap. V, R.36.4.

Cónsono con lo anterior, nuestro estado de derecho le impone y exige al TPI, exponer los hechos materiales y esenciales que están en controversia, así como los que no lo están, independientemente de cómo resuelvan una solicitud de sentencia sumaria. *Meléndez González v. M. Cuebas*, supra, pág. 117. Al evaluar la solicitud de sentencia sumaria, el juzgador deberá: (1) analizar los documentos que acompañan la moción solicitando la sentencia sumaria, los incluidos con la moción en oposición y aquellos que obren en el expediente judicial y; (2) determinar si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 DPR 881, 913-914 (1994).

Por último, en *Meléndez González v. M. Cuebas, supra,* el Tribunal Supremo de Puerto Rico estableció el estándar de revisión que debe utilizar este foro apelativo intermedio al revisar denegatorias o concesiones de mociones de sentencia sumaria. Conforme a ello, debemos utilizar los mismos criterios que los tribunales de primera instancia al determinar si procede dictar sumariamente una sentencia. En esta tarea sólo podemos considerar los documentos que se presentaron ante el foro de primera instancia y determinar si existe o no alguna controversia genuina de hechos pertinentes y esenciales, y si el derecho se aplicó de forma correcta. La tarea de adjudicar los hechos relevantes y

esenciales en disputa le corresponde únicamente al foro de primera instancia en el ejercicio de su sana discreción. *Vera v. Dr. Bravo*, 161 DPR 308, 334 (2004). Nuestro Más Alto Foro ha pautado que este Tribunal de Apelaciones se encuentra en la misma posición que el Tribunal de Primera Instancia al momento de revisar solicitudes de sentencia sumaria. *Meléndez González v. M. Cuebas*, supra, págs. 118-119. Es decir, debemos revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el derecho a la controversia. *Íd.*

**III.**

Debido a que la controversia bajo nuestra consideración versa sobre la denegatoria de una moción de carácter dispositivo, podemos revisar discrecionalmente la decisión recurrida por vía del auto de *certiorari,* conforme la Regla 52.1 de Procedimiento Civil, *supra.*

Por su estrecha relación, discutiremos los señalamientos de error conjuntamente. En esencia, la parte peticionaria sostiene que incidió el foro primario al declarar No Ha Lugar su Moción de Sentencia Sumaria y disponer que existía controversia real y sustancial en cuanto a hechos controvertidos esenciales e interpretar la cláusula en cuanto al término de vencimiento de la opción a compra. Añade que difiere de la determinación de hechos controvertidos efectuada por el foro primario debido a que, en su escrito, la parte opositora no presentó evidencia alguna que demostrara que el plazo fijado para ejercer la opción fuese extendido hasta el 6 de julio de 2022. Además, destaca que nuestro ordenamiento jurídico dispone que el derecho de opción a compra se extingue si se deja transcurrir el plazo concedido para optar.

Por otro lado, la parte recurrida está conforme con la decisión objetada y aduce que procede denegar la expedición del auto de *certiorari.* Esboza que el foro recurrido efectuó un detallado análisis como parte de la resolución impugnada, lo que demuestra un amplio examen y consideración sobre cada uno de los hechos y

controversias controvertidas. A su vez, manifiesta que existen controversias y posiciones encontradas que solo pueden ser atendidas en juicio, mediante el desfile de prueba de las partes, una vez concluya el descubrimiento de prueba.

Tras examinar *de novo* la moción de sentencia sumaria y su oposición, acogemos las determinaciones de hechos formuladas por el foro primario en el dictamen recurrido por entender que están debidamente sustentadas y concluimos que el foro primario actuó correctamente al resolver que existen hechos materiales en controversia que impiden la resolución por la vía sumaria de este caso.

En ese sentido, colegimos que del expediente presentado no surge que en la solicitud de sentencia sumaria se haya presentado evidencia suficiente para que el foro primario pueda determinar toda la verdad de los hechos. Ello toda vez que persisten dudas en cuanto a si las partes negociaron una extensión al plazo del contrato de opción hasta el 6 de julio de 2022; si la propiedad comercial fue opcionada y vendida a un tercero una vez finalizado el término fijo y exclusivo que le fue concedido mediante contrato de opción a la parte recurrida y; si fue el propio recurrido quien ofreció a la parte peticionaria, a través del realtor, un aumento de $20,000.00 a cambio de que se le extendiera el contrato de opción un mes adicional.

Por lo tanto, luego de analizada la totalidad de las circunstancias del caso, colegimos que no concurre ninguno de los criterios que mueva nuestra discreción para expedir el auto de *certiorari* solicitado y, en consecuencia, nos abstenemos de intervenir con la *Resolución* impugnada. Lo anterior, por no encontrar indicio alguno de que el foro primario actuó de forma arbitraria, caprichosa, en abuso de su discreción o que haya cometido algún error de derecho.

**IV.**

Por los fundamentos antes esbozados, ***denegamos*** la expedición del auto de *certiorari* solicitado. Regla 52.1 de Procedimiento Civil, *supra*, y Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

Lo acordó el Tribunal y lo certifica la Secretaria. La Juez Barresi Ramos concurre con el resultado sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones